IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

HYCHE LANDFILL, L.L.C.,

     PLAINTIFF,

v.                                                                    CASE NO.: CV-99-J-3261-J

WINSTON COUNTY, ALABAMA,
et al.,

     DEFENDANTS.

APR 1 4 2000

## MEMORANDUM OPINION

Coming on to be heard at the court's motion docket of April 12, 2000 was the defendants' motion to dismiss (doc. 2). The defendant filed a memorandum brief in support of its motion and the plaintiff filed a reply to motion to dismiss and motion for partial summary judgment with affidavits and evidentiary submissions (doc. 7). At the motion hearing, all parties were present by and through their attorneys of record and the court heard oral argument.

The defendants motion is based in part on its allegation that the plaintiff's procedural due process claim is due to be dismissed because the plaintiff has no property right to proceed with the expansion of a landfill and has also failed to show that state law remedies are inadequate.

In its state court complaint, the plaintiff sued for substantive due process violations (Count I); procedural due process violations (Count II); discrimination against commerce (Count III); violation of Ala. Code § 22-27-48 (Count IV); and declaratory judgment (Count V). The defendants filed a notice of removal on December 8, 1999 (doc. 1) which the

plaintiff did not contest. In its reply, the plaintiff admits that Counts I and III are due to be dismissed and the court shall order accordingly.[1]

## FACTUAL BACKGROUND

This court may dismiss the remaining counts of the plaintiff's complaint only if no relief could be granted under any set of facts that could be proved in support of his claim. *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir.1971); *accord Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This court must accept as true all well-pleaded factual allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), and view them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In the light most favorable to the plaintiff, the court finds the facts of this case to be as follows:

The plaintiff is an Alabama corporation engaged in the business of construction and demolition waste collection and disposal with its landfill facility located in Winston County, Alabama. Complaint at ¶¶ 1, 7. The landfill is properly permitted and has been in use since 1984. Complaint at ¶ 10. On June 4, 1999, the plaintiff filed an application with the defendant Commission to amend the 1997 local approval to expand its service area to include waste from mobile home manufacturers from all counties touched by a forty (40) mile radius from the landfill. Complaint at ¶ 13. Notice of a hearing on the application was published in the local paper and a public hearing was held by the defendant Commission on July 27, 1999. Complaint at ¶ 15. The defendant considered the plaintiff's application at its regularly

---

[1]The plaintiff states in its reply that it "acknowledges that its substantive due process claim (Count I and part of Count V) is due to be dismissed. Count V of the plaintiff's complaint addresses a claim for declaratory judgment. The court finds that the plaintiff was mistaken in its inclusion of "part of Count V" within this statement.

scheduled conference meeting on August 9, 1999 and rejected the same in a 3-0 vote. Complaint at ¶ 17.

The plaintiff alleges that the defendant Commission failed to consider the six factors set forth in § 22-27-48, Alabama Code.  Complaint at ¶ 18.

## LEGAL ANALYSIS

### A. The Procedural Due Process Claim -- Count II

The procedural component of due process only ensures that, to the extent a State seeks to alter or even extinguish a right which it recognizes, the State provides a minimum amount of process. *See McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir.1994). The actual amount of process due, however, is a question of federal law, determined by reference to the analysis set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Neither in its complaint nor in its reply to the defendants' motion to dismiss does the plaintiff allege what procedure it did not receive.  Under § 22-27-48, Alabama Code 1975, as amended, the defendant Commission was required to give notice of and hold a public hearing on the plaintiff's application to expand its service area.  The right to prior notice and a hearing is central to the Constitution's command of due process.  "The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment-- to minimize substantively unfair or mistaken deprivations of property.... (citation omitted)." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53, 114 S.Ct. 492, 500-501.

At a minimum, due process requires some kind of notice and some kind of hearing *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975).  The plaintiff admits in its complaint that notice and hearing were accomplished in accordance with the

3

code section at issue.  While the plaintiff does not agree with the outcome of that process, the question of whether the defendant Commission reached a well-reasoned decision is vastly different from the question of whether the plaintiff was afforded procedural due process.[2]

The plaintiff argues it has a recognized property interest in its landfill.[3]  The Eleventh Circuit has apparently not addressed the issue of whether a property right exists in a landfill permit, but the court finds that it need not resolve that issue here.  Viewing the facts alleged in the complaint in the light most favorable to the plaintiff, the court shall assume that such an interest in an expansion permit for an already existing landfill does exist.[4]  Given such assumption, the question before this court is whether the plaintiff's procedural due process rights extend to guaranteeing a particular outcome when the process mandated by law is followed.  The plaintiff alleges that the defendant commission did not adequately or properly consider the six mandatory factors listed in § 22-27-48 Ala.Code.  However, the plaintiff

---

[2]The plaintiff phrases this as a matter of the plaintiff being entitled to "an objective and consistent application of the mandatory factors set forth in Ala.Code § 22-27-48." Complaint at ¶ 33.

[3]The plaintiff alleges that it has a property interest in "reasonable investment-backed expectations."  Plaintiff's reply at 7.  However, the case the plaintiff cites for this proposition, *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 184, 105 S.Ct. 3108 (1985), is a zoning case.  Precedent exists that states zoning cases cannot not be expanded to apply to permit denial claims.  *See e.g., Collins v. City of Jacksonville*, 38 F.Supp.2d 1338, 1342-43 (M.D.Fla.1998).  The plaintiff offers no authority that the body of zoning law can be so expanded.  Therefore, this court finds the plaintiff's "reasonable investment-backed expectations" argument unpersuasive.  The court also notes that *Williamson County Regional Planning Commission*, a takings case, requires the plaintiff to exhaust state court remedies before bringing suit for a federal claim.  *See Saboff v. St. John's River Water Management District*, 200 F.3d 1356, 1359 (11th Cir.2000).

[4]Other courts within this circuit have recognized property interests in landfill permits, but have also stated that a court must look to the source of the rules providing a benefit to determine whether a claimant possess a property interest in a particular benefit or entitlement.  *See Sullivan Properties, Inc. v.  City of Winter Springs*, 899 F.Supp. 587, 593 (M.D.Fla.1995).

4

fails to specify a factor that was not considered and states only that the denial was for political reasons and arbitrary and capricious. Plaintiff's reply at 9.

In *Florida Prepaid Post Secondary Education Expense Board v. College Savings Bank*, the Court stated that "in procedural due process claims, the deprivation by state action of a constitutionally protected interest ... is not in itself unconstitutional, what is unconstitutional is the deprivation of such an interest without due process of law." 527 U.S. 627, 119 S.Ct. 2199, 2208, 144 L.Ed. 2d 575 (1999); citing *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The fundamental requirement of due process is the opportunity to be heard and it is an "opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). No allegation that the hearing at issue here was not so held has been made by the plaintiff, but only that the decision based on that hearing was arbitrary.

To determine whether a constitutional violation has occurred, this court must look to the safeguards built into the statutory or administrative procedure of effecting the deprivation and any remedy for erroneous deprivation provided by statute. *Zinermon v. Burch*, 494 U.S. at 126, 110 S.Ct. at 983.

While the plaintiff alleges that state law remedies are inadequate, the plaintiff supports this by stating only that the state law provides solely monetary relief, which does not address its claims for injunction or declaratory judgment. The court finds that accepting this statement from the plaintiff as true does not establish that the plaintiff has inadequate state law remedies. The three remaining claims of the plaintiff, Counts II, IV and V of the complaint, are each based on the plaintiff's allegation that the defendant Commission

improperly considered its application for expansion. Whether the plaintiff requests a remedy of a new hearing, a declaratory judgment, or an injunction, each of these remedies is based on a finding that the plaintiff's due process rights were violated. A valid due process claim, regardless of how it is styled, must show both a deprivation of a protected interest (which the court has assumed) and an absence of due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1153-54, 71 L.Ed.2d 265 (1982).

Alabama law clearly has established rights for the plaintiff to seek equitable relief in state courts for the alleged failure of the defendant Commission to follow the statutory procedures set out in § 22-27-48. *See e.g. Fitzjarrald v. City of Huntsville*, 597 So.2d 1378 (Ala.Civ.App.1992). The Supreme Court has held that as long as the remedy "could have fully compensated the [plaintiff] for the property loss he suffered," the remedy satisfies procedural due process. *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 1917,68 L.Ed.2d 420 (1981), overruled in part on other grounds, *Daniel v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *See Carter v. Harris*, 64 F.Supp.2d 1182, 1187, (M.D.Ala.1999). Clearly, this case can be remedied by the Alabama courts. The court finds the plaintiff's argument that no adequate state law remedy exists even less persuasive when considered in light of the fact that the plaintiff originally filed this case in state court – the defendant removed it to this court.

The defendant argues that the plaintiff has failed to avail itself of any state or local remedies available to the plaintiff under § 6-5-20, Ala.Code and §11-12-8, Ala.Code.[5] In

---

[5]The plaintiff did file a notice of claim pursuant to §11-12-8, Ala.Code after this lawsuit was filed. This claim alleges that the defendant commission did not properly consider the six factors because it did not introduce or offer evidence on each factor. However, the statute in question, § 22-27-48, Ala.Code, requires only that the Commission consider each factor. This court has not found any Alabama court opinion which has addressed the weight or sufficiency of

*Tinney v. Shores,* the Eleventh Circuit states that no valid procedural due process claim can be stated unless and until the plaintiff alleges Alabama law provides an inadequate remedy. *Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir. 1996) (addressing post deprivation remedies). The plaintiff does not so much allege that the state law remedies are inadequate as that the Commission failed to submit evidence in its denial of the expansion to show that it did indeed consider the six factors of §22-27-48. *See* Exhibit 1-a to plaintiff's motion for summary judgment. The plaintiff did not cite, and this court cannot find, any requirement that evidence be submitted in the commission's consideration of the listed factors. Such a requirement would be a change in the Alabama Code that this court will not undertake. Such changes are best suited for the Alabama legislature and Alabama Supreme Court. *See* discussion of same, *infra*.

In its response, the plaintiff alleges that defendants failure to consider the six factors in § 22-27-48, Ala.Code resulted in the modification application being rejected arbitrarily. The claim of an improper application of a statute is really a claim under state law and not one for procedural due process violations. *Fitzjarrald*, 597 So.2d at 1379.

The plaintiff alleges that its state law remedies are inadequate because a claim under §6-5-20 and §11-12-8, Ala.Code, are directed to the defendant commission and the plaintiff alleges such a claim is futile.[6] The plaintiff requests this court declare that the defendants alleged failure to follow the six factors in §22-27-48, the expansion application was not properly denied, declare that this is actually a "failure to act" and hence is automatically

---

evidence to be accorded each factor.

[6]The court notes that, in spite of this alleged futility, after the motion to dismiss was filed by defendants, the plaintiff filed a claim with the defendant Commission on February 24, 2000.

approved under "90 day rule" of §22-27-48. Plaintiff's reply at 6. However, the plaintiff fails to cite this court to any authority in support of this novel interpretation.[7]

Alabama law clearly has established the right of a plaintiff to seek equitable relief in state court for the alleged failure of the defendant commission to fairly consider the six factors set forth in § 22-27-48. *See Fitzjarrald*, 597 So.2d 1378. The Alabama courts posses the power to remedy the plaintiff's alleged deprivation. The state remedy available clearly satisfies due process. Thus, the appropriate forum for addressing the plaintiff's claim is not federal court but an Alabama state court possessing the ability to remedy the alleged procedural defect. In this case, that forum is the Winston County Circuit Court, from whence this case was removed.[8]

## Counts IV & V

In Counts IV and V, the plaintiff requests this court declare the defendants' actions to be in violation of §22-27-48, Ala.Code and enjoin the defendants from further violations. This code section requires the defendant Commission to consider factors such as the social and economic impact of the permit, the relationship of a facility to available roads, and similar criteria. While the plaintiff alleges the defendant Commission's denial of the permit expansion was political because residents spoke out against the expansion at the public

---

[7]This court notes that if the procedure required by law was not followed, the remedy is likely a repeat of the process, not a directed ruling in the plaintiff's favor.

[8]Because the plaintiff's claim has not been disallowed by the Commission, this court arguably lacks jurisdiction as the denial of a claim by the Commission is a prerequisite to suit under §6-5-20, Ala.Code ("An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant"). The plaintiff's futility argument is unpersuasive because the statute in question, §6-5-20, makes clear that reconsideration of the plaintiff's grievance by the Commission itself is contemplated in requiring that a claim be filed.

hearing, this court notes that allowing residents affected by the granting or denial or a permit be heard is the very purpose of holding a public hearing. Further, the weight to be accorded each of the six factors is not specified by the code section and has not been addressed by the Alabama courts.[9]

Federal law permits this court to decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 1522, 16 L.Ed.2d 218 (1966). Since the court has dismissed the federal claims, "the decision whether or not to exercise pendent jurisdiction over state law claims is within its discretion." *Rice v. Branigar Organization, Inc.*, 922 F.2d 788, 792 (11th Cir.1991). Furthermore, "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state law claims." *L.A. Draper and Son v. Wheelabrator-Frye Inc.*, 735 F.2d 414, 428 (11th Cir.1984). The novelty of the state claim, which gives rise to issues of comity, and whether a state forum is available to adjudicate the Plaintiff's claim, are important considerations in the exercise of this discretion. *L.A. Draper*, 735 F.2d at 428; *Rice,* 922 F.2d at 792.

The plaintiff asks this court to interpret the commission's allegedly improper actions as a "failure to act" under §22-27-48, Ala.Code. No law has been cited to this court, nor can this court find any, which states that, under this section of the Alabama Code, a failure to submit evidence in support of the six factors listed in that code section, mandates an automatic approval of a permit to expand a landfill's service area. It is most improper for a

---

[9]Some of the problems which arise when federal courts issue injunctions to matters of solely state law are addressed in *Pompey v. Broward County*, 95 F.3d 1543 (11th Cir.1996).

federal court, without suitable law to guide it, to plow new ground in a state law field. *L.A. Draper*, 735 F.2d at 429. This court finds that the state courts are the appropriate forum in which to present this quite novel argument. As such, this court declines to exercise supplemental jurisdiction over Counts IV and V of the plaintiff's complaint.

CONCLUSION

In consideration of the foregoing, the court finds that Counts I, and III of the plaintiff's complaint are due to be dismissed with prejudice, and shall so dismiss them by separate order. The court finds that Count II of the plaintiff's complaint is due to be dismissed without prejudice. The court finding that Counts IV and V are matters uniquely suited to be addressed by the state courts, this court declines to exercise supplemental jurisdiction over the same. Therefore, Counts IV and V shall be remanded to the Circuit Court for Winston County by separate order.

**DONE** and **ORDERED** this the ___*13*___ day of <u>April</u>, 2000.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON